UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH G. DELFRATE, III,

    Plaintiff,

v.                                      CASE NO: 8:18-cv-3058-T-02TGW

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## O R D E R

Defendant has filed a motion to dismiss Plaintiff's complaint. Dkt. 10. After careful consideration of the allegations of the complaint (Dkt., 1-1), the Court observes that factual information is sparse, such that Defendant does not have fair notice of the claims and the supporting grounds. See Ashcroft v. Iqbal, 556 U.S. 662, 698-99 (2009) (citation omitted); Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

Counts II and III for common law breach of the covenant of good faith and fair dealing and for tortious breach of the same are not recognized in Florida in the insurance context. *See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 549 (Fla. 2012) (holding that Florida does not recognize breach of

implied covenant of good faith and fair dealing by insured against insurer because "such first-party claims are actually statutory bad-faith claims that must be brought under section 624.155 of the Florida Statutes"); *Todorovic v. Hartford Life & Annuity Ins. Co.*, No. 5:17-cv-157-Oc-30PRL, 2017 WL 1885393 (M.D. Fla. May 9, 2017) (denying leave to amend to add count for breach of implied covenant of good faith and fair dealing because no such cause of action exists in Florida). To the extent Count III may be construed as a common law breach of fiduciary duty, Florida does not recognize the insurer-insured relationship as fiduciary. *Time Ins. Co. v. Burger*, 712 So.2d 389, 391 (Fla. 1998) (noting that relationship between insurer and insured is that of debtor-creditor); *Hogan v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at*4-5 (M.D. Fla. July 20, 2009) (dismissing breach of fiduciary duty claim by insured against insurer because relationship is that of debtor-creditor). Any attempt to replead Counts II and III would therefore be futile.

Counts IV and V also suffer infirmities. This Court has ruled that a bad faith claim should be abated and not dismissed. *Nicophene v. Hartford Ins. Co. of the Se*, No. 8:18-cv-2565-T-02AEP, 2018 WL 6504373 (M.D. Fla. Dec. 11,

2018).[1] Nevertheless, Plaintiff must first plead a claim for bad faith, and therefore Count IV should be repled. With respect to a claim for unfair trade practices, there are no facts alleged in Count V to support such a claim. Finally, the complaint, as it stands, does not support a claim for punitive damages.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) The Motion to Dismiss (Dkt. 10) is granted. Counts II and III are dismissed without leave to amend. All other counts are dismissed without prejudice.

2) Plaintiff shall replead the complaint within fourteen (14) days of this order.

3) Defendant shall file its response within fourteen (14) days of service.

**DONE AND ORDERED** at Tampa, Florida, on January 22, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[1] *See also Smith v. 21st Century Centennial Ins. Co.*, 8:14-cv-2531-T-26TBM, 2014 WL 5274591 (M.D. Fla. Oct. 29, 2014).